UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Paul E. Miller

    v.                                              Civ. No. 23-cv-333-JL-AJ

Veterans Administration
Medical Center

## REPORT AND RECOMMENDATION

Invoking the Federal Tort Claims Act ("FTCA"), Paul E. Miller has sued the Veteran Administration ("VA") Medical Center, claiming he suffered ammonia poisoning while a patient at the VA hospital in White River Junction, Vt. in 1996. See Compl. (Doc. No. 1). The defendant has filed a motion for summary judgment, which has been referred to the undersigned Magistrate Judge for proposed findings of fact and a recommended disposition. See LR 72.1. As explained more fully below, the defendant's motion should be granted because the statute of limitations on Mr. Miler's claim has expired.

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue is one that could be resolved in

favor of either party, and a material fact is one that has the potential of affecting the outcome of the case." Vera v. McHugh, 622 F.3d 17, 26 (1st Cir. 2010) (internal quotation omitted).

At the summary judgment stage, the moving party must "assert the absence of a genuine issue of material fact and then support that assertion by affidavits, admissions, or other materials of evidentiary quality." Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003) (citing Quintero de Quintero v. Aponte-Roque, 974 F.2d 226, 227-28 (1st Cir. 1992)). Where the nonmovant bears the ultimate burden of proof, once the movant has made the requisite showing, the nonmovant can no longer "rely on an absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." Torres-Martínez v. P.R. Dep't of Corr., 485 F.3d 19, 22 (1st Cir. 2007) (internal quotation omitted). "Mere allegations, or conjecture unsupported in the record, are insufficient to raise a genuine issue of material fact." August v. Offices Unlimited, Inc., 981 F.2d 576, 580 (1st Cir. 1992). In other words, if the nonmovant's evidence is "merely colorable" or "not significantly probative, . . . summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (internal citations omitted).

As it is obligated to do in the summary judgment context, the court "rehearse[s] the facts in the light most favorable to

the nonmoving party . . ., consistent with record support[,] . . . giv[ing] the nonmovant the benefit of all reasonable inferences that those facts will bear." Noviello v. City of Boston, 398 F.3d 76, 81-82 (1st Cir. 2005) (internal citation omitted).[1]

## Background[2]

On December 6, 1996, Miller was admitted to the VA Medical Center in White River Junction ("VAMC") for mental health concerns. Compl. Att. (Doc. No. 1-2) at 94.  His medical history included diagnoses of "paranoid schizophrenia, questionable schizoaffective disorder, and bipolar affective disorder." Id. After his admission, Mr. Miller was found to be "irritable" and "manic." On December 10, 1996, he was treated with valproic acid, a mood stabilizer and anti-seizure medication.[2] Id. at 96. His dose of valproic acid was gradually increased until on December 19, 1996, when, after being more sedate and having fewer complaints over the previous few days, he "exhibited an

---

[1] Mr. Miller has not responded to the instant motion.  The court is nevertheless obligated to determine whether the defendant has demonstrated its entitlement to summary judgment. See Perez-Cordero v. Wal-Mart P.R., 440 F.3d 531, 533-34 (1st Cir.2006).

[2] Mr. Miller attached several hundred pages of medical records to his complaint. See Compl. Att. (Doc. No. 1-2) at 8-446.  These records supply much of the factual narration relevant to the court's analysis of defendant's motion.  The court limits its discussion of Mr. Miller's medical history to the time period surrounding his claim of ammonia poisoning.

acute change in mental status" and became only minimally responsive to stimuli. Id. Tests determined that he had a "significantly elevated ammonia level," which medical staff believed resulted from the valproic acid causing a deficiency in carnitine, an essential amino acid. Id. The valproic acid treatment was discontinued and Mr. Miller's ammonia-related symptoms resolved. Id.  He was ultimately discharged from VAMC on January 17, 1997. Id. at 104.

### Prior Proceedings

On June 30, 2021, Mr. Miller submitted a tort claim to the VA seeking $5,000,000.01 in damages for injuries he alleged to have result from treatment provided by VA doctors, one of which was the coma and "ammonia poisoning" that resulted from his treatment with valproic acid in 1996. Compl. Att. (Doc. No. 1-2) at 326.[3]  The VA acknowledged receipt of the claim in a letter dated July 28, 2021. Id. at 8.  On April 4, 2022, the VA notified Mr. Miller by certified mail that it had denied his claim on the basis that the statute of limitations had run. Def. Mot.; Ex. A, Att. 1 (Doc. No. 3-3).  The VA also explained that if Mr. Miller was dissatisfied with the denial, he could file a suit for review in federal district court, and that any

---

[3] Mr. Miler has raised only the valproic acid-related claim in this lawsuit.

4

such suit must be initiated within six months of the date of the denial. Id.

The record suggests that Mr. Miller received the April 4, 2022 denial on or before April 18, 2022, as he sent an e-mail that day contesting certain aspects of the letter to the Torts Law Group section of the VA Office of General Counsel. Def. Mot.; Ex. A, Att. 2 (Doc. No 3-4).

On June 28, 2023, Mr. Miller commenced this lawsuit. He seeks $2,000,000 in damages resulting from his valproic acid treatment in 1996.

## Discussion

The defendant's sole basis for dismissal is that Mr. Miller did not file his complaint within the two-year limitations period prescribed by the FTCA. The court agrees.

"Federal courts lack jurisdiction over claims against the United States unless the Government has waived its sovereign immunity." Sanchez v. United States, 740 F.3d 47, 50 (1st Cir. 2014) (citing F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994)). The FTCA serves as a limited waiver of that immunity for torts committed by Government employees acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Under the FTCA, a claim is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing." Id. § 2401(b). The First Circuit Court of Appeals reads this language to impose two contingent deadlines upon a claimant: first, that the claimant file a claim with the appropriate agency within two years of the date of accrual; and second, that the claimant file an action in court within six months of the date the agency denies that claim. See Sanchez, 740 F.3d at 50; see also id. at n. 6 (discussing the exhaustion requirements under the FTCA).

A cause of action generally accrues under the FTCA at the time a plaintiff is injured. Id. at 52 (citing Donahue v. United States, 634 F. 3d 615, 623 (1st Cir. 2011)). When, as here, a plaintiff brings an FTCA claim for medical malpractice, the Supreme Court has held that accrual may be delayed under the "discovery rule" exception. See United States v. Kubrick, 444 U.S. 111, 122–23 (1979). Under this exception, a claim does not accrue until a plaintiff discovers, or in the exercise of reasonable diligence should have discovered, both that he is injured, and that the Government was the probable cause of that injury. See Sanchez, 740 F.3d at 52; Gonzalez, 284 F.3d at 288–89. This is an objective standard. Id. The plaintiff need not know that the injury was negligently caused. Gonzalez, 284 F.3d

6

at 289 (citing Kubrick, 444 U.S. at 124). Nor need he know the full extent of his injury. Id. (citing Marrapese v. Rhode Island, 749 F.2d 934, 940 n.10 (1st Cir. 1984)). "Once a plaintiff knows of the injury and its probable cause, he bears the responsibility of inquiring among the medical and legal communities about whether he was wronged and should take legal action." Sanchez, 740 F.3d at 52 (quoting Gonzalez, 284 F.3d at 289).

Here, Mr. Miller's FTCA claim violates both "contingent deadlines" recognized by the Court of Appeals in Sanchez. Mr. Miller's medical records leave no dispute that he was injured in December 1996, twenty-five years before he filed his FTCA claim. Nor can he claim protection from the discovery rule, as correspondence between Mr. Miller and the VA in 1999 refer to his "ammonia poisoning appeal," conclusively establishing that he was aware of his injury and that the VA was the probable cause of the injury by that time. Compl. Att. (Doc. 1-3) at 80. Moreover, even if he could find some relief in the discovery rule, Mr. Miller commenced this action on June 28, 2023, well beyond the six-month deadline for seeking relief from the VA's April 2022 denial of his claim. As there is no genuine issue of material fact regarding the timeliness of Mr. Miller's lawsuit, the defendant's motion for summary judgment should be granted.

## **Conclusion**

Based on the foregoing, defendant's motion for summary judgment (Doc. No. 3) should be granted. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

November 20, 2023

cc:  Paul E. Miller, pro se
     Anna Dronzek, AUSA